**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2283
_____

LIN LIN LIN,
ZENG CAI LIU,
                                    Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                    Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A099-686-780 & A099-686-781)
Immigration Judge:  Honorable Frederic G. Leeds

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 12, 2010

Before: MCKEE, Chief Judge, HARDIMAN and COWEN, Circuit Judges

(Opinion filed: July 27, 2010)
_____

OPINION
_____

PER CURIAM

        Lin Lin Lin, and her husband, Cai Liu Zeng, citizens of the People's Republic of

China, entered the United States in June 2001.  They appeared before an Immigration

Judge ("IJ") and conceded that they were removable for having entered the United States without being admitted or paroled. See Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i) [8 U.S.C. § 1182(a)(6)(A)(i)]. The petitioners applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). They alleged that they will be sterilized if removed to China because the birth of their two children in the United States violates China's family planning policy. The IJ denied relief, finding that the Petitioners were not credible and did not meet their burden of proving that they would face sterilization if removed.

The Board of Immigration Appeals ("BIA") dismissed the Petitioners' appeal. The Board assumed that the Petitioners were credible, but agreed with the IJ that they had not demonstrated an objectively reasonable fear of future persecution. In addition to citing published BIA decisions that had examined evidence identical to that presented by the Petitioners, the Board considered, but rejected, the Petitioners' individualized evidence. The Petitioners filed a timely petition for review.

We have jurisdiction under INA § 242 [8 U.S.C. § 1252]. Because the BIA issued its own opinion, we review its decision rather than that of the IJ.[1] See Li v. Att'y Gen., 400 F.3d 157, 162 (3d Cir. 2005). Our review of the Board's decision is for substantial evidence, considering whether it is "supported by reasonable, substantial, and probative

---

[1] Therefore, to the extent that the Petitioners directly challenge the IJ's decision, including his adverse credibility determination, we will not address their claims.

2

evidence on the record considered as a whole." Lin-Zheng v. Att'y Gen., 557 F.3d 147, 155 (3d Cir. 2009) (internal citation omitted). Under the substantial evidence standard, findings are upheld "unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 484 (3d Cir. 2001).

To qualify for asylum, the petitioners must show that they are "unable or unwilling to return to [China] . . . because of persecution or a well-founded fear of persecution," which can include forced sterilization. INA § 101(a)(42) [8 U.S.C. § 1101(a)(42)]; see also INA § 208 [8 U.S.C. § 1158]. The well-founded fear of persecution standard involves both a subjectively genuine fear of persecution and an objectively reasonable possibility of persecution. See Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003). An alien's failure to demonstrate eligibility for asylum necessarily means that he failed to meet the higher burden of proof for statutory withholding of removal. See Mudric v. Att'y Gen., 469 F.3d 94, 102 n. 8 (3d Cir. 2006). For relief under the CAT, the petitioners must demonstrate that it is more likely than not that they would be tortured if removed to China. See 8 C.F.R. § 208.16(c)(2); see also Pierre v. Att'y Gen., 528 F.3d 180, 186, 189 (3d Cir. 2008) (en banc).

The Board determined that the Petitioners' evidence failed to establish that there is a uniform policy regarding forced sterilization of a parent who returns with a second child born outside of China. The Petitioners allege that the BIA improperly relied on its prior decisions and failed to consider and give sufficient weight to their evidence. We have

3

held that the Board must explicitly consider any country conditions evidence that materially bears on an applicant's claim. See Zheng v. Att'y Gen., 549 F.3d 260, 268 (3d Cir. 2008). Here, however, we are confident that the BIA adequately reviewed the entire record in reaching its decision that the Petitioners failed to meet their burden of proof. See Liu v. Att'y Gen., 555 F.3d 145, 149-50 (3d Cir. 2009).

Unlike in Zheng, where the BIA "did little more than quote passages" from a prior decision which examined evidence identical or similar to that presented by the alien, 549 F.3d at 268, the Board's decision in this case was only marginally based on its prior decisions. The BIA held that the Petitioners' "evidence, in addition to the documentation assessed in our published cases, does not demonstrate a reasonable chance of forcible sterilization in the Fujian province after the birth of a second United States citizen child." Indeed, the Board evaluated the Petitioners' individualized evidence and properly concluded that it did not adequately support their claim. For instance, Lin testified that she had learned from her mother about a woman from their village who was sterilized after returning to China with two children born in India. The BIA dismissed this testimony because it was based on hearsay, failed to include details, and did not involve United States citizen children. The BIA also discounted a letter from Lin's mother, which detailed her own forcible sterilization, for similar reasons. Other evidence included a letter from the Tantou Family Planning Office advising the Petitioners to report to the Office within one week of their return to China to arrange a sterilization operation. The

BIA noted that the letter was an "unauthenticated photocopy," was inconsistent with State Department records, and did not indicate what sanctions would be applied if the Petitioners failed to report.

In sum, we reject the Petitioners' argument that the BIA failed to sufficiently consider evidence in the record. See Sevoian v. Ashcroft, 290 F.3d 166, 178 (3d Cir. 2002) (stating that the BIA "is not required to write an exegesis on every contention, but only to show that it has reviewed the record and grasped the movant's claims" (internal quotation marks and citation omitted)). In addition, based on a thorough review of the record, we conclude that the Petitioners failed to carry their burden of demonstrating an objectively reasonable possibility of sterilization should they be returned to China and, accordingly, the evidence does not compel a conclusion contrary to that reached by the BIA. See Chen v. Ashcroft, 376 F.3d 215, 223 (3d Cir.2004) (requiring asylum applicant to demonstrate by "credible, direct, and specific evidence an objectively reasonable basis for the claimed fear of persecution"). Because the Petitioners failed to satisfy the lower statutory burden of proof required for asylum, they also necessarily failed to satisfy the clear probability standard for withholding of removal. See Immigration & Naturalization Serv. v. Cardoza-Fonseca, 480 U.S. 421, 430-32 (1987). Finally, the Petitioners failed to establish that it is more likely than not that they will be tortured upon their return to China. See 8 C.F.R. §§ 208.16, 208.18.

For the foregoing reasons, we will deny the petitions for review.